UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES HOWARD HARMON, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GRAINGER WILLIAMS, KENNETH ) <br> MATHEWS, and SOUTHERN HEALTH ) <br> PARTNERS, ) <br> ) <br> Defendants. ) | No.:  3:16-CV-319-PLR-HBG |

## **MEMORANDUM and ORDER**

The Court has before it a pro se state prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* [Docs. 1, 2]. Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L. No. 104-34, §§ 801-10, 110 Stat. 1321, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

While incarcerated, Plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim. *See Harmon v. U.S. Prisoner Transport*, No. 3:12-CV-374 (E.D. Tenn. July 30, 2012) (order dismissing case as frivolous and for failure to state a claim); *Harmon v. Clark*, No. 3:13-CV-592 (E.D. Tenn. Oct. 10, 2013) (order dismissing case as frivolous and for failure to state a claim); *Harmon v. Baird*, No. 3:14-CV-430 (E.D. Tenn. December 8, 2014) (order dismissing case as frivolous and for failure to state a claim).

Plaintiff asserts that he has requested "new medical treatment and new evaluations and diagnosis;" that the jail staff and the medical staff have responded negligently to his past conditions and his "cultivated new pathologies i.e., psychological manifestations;" that none of the medications he is receiving work for him; and that he feels worse now than he ever did feel [Doc. 2 p. 4]. Plaintiff asks that he be evaluated by a "second party" so as to receive a second opinion as to his preexisting medical ailments, that he be given a mental health examination, and that he be awarded damages in the sum of $10,000 [*Id*. at 5]. As the Court interprets these contentions and others made in the complaint, Plaintiff is alleging a tort claim for medical malpractice, and not an Eighth Amendment claim for denial of medical care. Be that as it may, Plaintiff's contentions surely do not qualify for § 1915(g)'s "serious physical injury" exception.

Therefore, Plaintiff's motion for leave to proceed *in forma pauperis* is **DENIED** [Doc. 2]. In order to file this action, Plaintiff must pay the entire $400.00 filing fee within thirty (30) days from the date on this order. If Plaintiff fails timely to pay the filing fee, this case will be **DISMISSED** and, despite the dismissal of the case, he will be assessed the filing fee. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that a prisoner's obligation to the filing fee arises when the complaint is delivered to the district court clerk); *id*. at 382 (explaining that "[t]he subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full").

**SO ORDERED**.

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**